**O**
**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAC DEVELOPMENT, INC., <br><br> Plaintiff, <br> v. <br> JACQUELINE BADIO; DOES 1–10, <br><br> Defendants. | Case No. 2:13-cv-06133-ODW(AJWx) <br><br> **ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

On August 21, 2013, Defendant Jacqueline Badio removed this case to this Court—for the second time. (ECF No. 1.) Once again, the Court finds that removal is improper. The Court accordingly **REMANDS** this case to Los Angeles County Superior Court.

To be clear, this unlawful-detainer action does not now—nor will it ever— belong in federal court. First, this action does not give rise to a federal question. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff may therefore avoid federal jurisdiction by relying exclusively on state law, and "federal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*,

556 U.S. 49, 60 (2009); *see also Hunter*, 582 F.3d 1039, 1042–43 (9th Cir. 2009) ("It is settled law that a case may not be removed to federal court on the basis of a federal defense." (internal quotation marks omitted)).

Courts have repeatedly held that unlawful-detainer actions do not present a federal question. *Aurora Loan Servs. v. De La Rosa*, No. 11-912, 2011 U.S. Dist. LEXIS 69217, at *3 (C.D. Cal. June 27, 2011). Moreover, HSBC's First Amended Complaint does not allege any other federal question, and *any federal defense Defendants raise is irrelevant to jurisdiction*. *Vaden*, 556 U.S. at 60; *Hunter*, 582 F.3d at 1042–43.

Second, the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). And in unlawful-detainer actions, the title to the property is not the object of the litigation—only the right to possession. *See Evans v. Super. Ct.*, 67 Cal. App. 3d 162, 170 (1977). The amount in controversy in an unlawful-detainer action is therefore determined by the amount of damages sought in the complaint, not by the value of the subject property. *Id.*

This is also not the first time Badio has tried to remove this case. The Court promptly remanded this case after Badio's first removal attempt. *RAC Dev., Inc. v. Badio*, No. 2:13-cv-5739-ODW(AJWx), ECF No. 4 (C.D. Cal. filed Aug. 8, 2013). A party may not file a second notice of removal based on the same grounds as its first notice of removal where the court remanded the party's first removal. *St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 217 (1883); *see Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001). The Court hereby warns Badio that filing a third notice of removal on the same grounds would be a violation of Federal Rule of Civil Procedure

1  11(b)(2) and would subject her to $1,000 in sanctions or other sanctions in the Court's
2  discretion.
3  　　　　The Court therefore finds that it lacks jurisdiction and **REMANDS** this case to
4  Los Angeles County Superior Court, case number 13P02233.

6  　　**IT IS SO ORDERED.**

8  　　August 26, 2013

10  　　　　　　　　　　_____
11  　　　　　　　　　　　　**OTIS D. WRIGHT, II**
　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**